# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| Cory Smith, Individually and on Behalf of Others Similarly Situated<br>Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 1:23-cv-13 |
| Graco Fishing & Rental Tools Inc., d/b/a Graco Oilfield Services,<br>Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Graco Fishing & Rental Tools, Inc., d/b/a Graco Oilfield Services ("Graco" or "Defendant") has a business plan that includes paying some non-exempt employees a salary plus a day rate for each day the employees work in the field, no matter how many hours per day or per week the employees work. This plan also includes not paying the employees an overtime premium for those hours over 40 per workweek. Graco's failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Cory Smith ("Smith" or "Plaintiff") is one of the workers hired by Graco as a day-rate employee and not paid overtime pay and brings this lawsuit against Graco to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Smith worked for Graco as a cased hole fishing supervisor from October of 2021 until September of 2022. Smith's duties included going to the wellsites of Graco's customers and using tools and his expertise to retrieve equipment and items that have fallen into oil wells.

2. During the time he worked for the Defendant, Smith regularly worked more than 40 hours per week. Plaintiff generally worked a 20-day on and 10-day off schedule, and during the time he was on duty, worked between 12 and 24 hours per day.

3. Graco paid Smith a salary as well as a day-rate for each day that he worked in the field, meaning that Plaintiff was paid the same amount of money for each day worked in the field, irrespective of hours worked each day. Graco did not pay Smith an overtime premium for any of the hours that he worked over 40 in a workweek.

4. Smith worked with numerous other individuals who were paid on a salary plus day-rate basis. These individuals were also oilfield workers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over per workweek.

### Allegations Regarding FLSA Coverage

5. Graco is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Graco was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Graco regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Graco

conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Graco's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

10. Graco was legally required to pay Smith and his similarly situated co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendant over 40 in any workweek.

11. Smith worked over 40 hours in many workweeks that he worked for Graco.

12. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Graco.

13. Graco did not pay Smith time-and-a-half for any of the overtime hours that he worked for the Defendant. Graco's underpayment of the Plaintiff, often referred to as "wage theft," allows Graco to gain an unfair advantage in the marketplace as compared to other oilfield services businesses that pay their employees all the money required by law.

14. Graco knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Smith and Similarly Situated Workers. This practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

15. Graco violated the FLSA by nor paying Cory Smith overtime pay for hours that he worked over 40 per workweek.

16. Smith has suffered damages as a direct result of Graco's illegal actions.

17. Graco is liable to Smith for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

18. Graco's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying oilfield workers on a salary plus day-rate basis and not paying them overtime pay for hours worked over 40. This generally applicable policy is prohibited by the FLSA. Thus, Smith's experience is typical of the experiences of the Members of the Class.

19. The class of similarly situated workers is properly defined as:

> **All oilfield services employees who are/were employed by and paid on a salary plus day-rate basis by Defendant Graco Fishing & Rental Tools, Inc., d/b/a Graco Oilfield Services during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

20. Defendant Graco Fishing & Rental Tools, Inc. is a Texas corporation and an "employer" as defined by the FLSA. Graco may be served through its registered agent, Cogency Global, Inc. at 1601 Elm Str., Suite 4360, Dallas, Texas 75201.

21. This Court has federal question jurisdiction under the FLSA, and venue is proper

pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

22. Cory Smith demands a trial by jury.

## Prayer for Relief

WHEREFORE, Cory Smith and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing oilfield work who are/were employed by and paid on a salary plus day-rate basis and not paid overtime for hours worked over 40 by Graco Fishing & Rental Tools, Inc during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Graco for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Graco that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    P.O. Box 10099

Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF CORY SMITH**